UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven D. LEFLER,
Defendant–Appellant.

No. 88–3040.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1989.

Decided July 21, 1989.

Carol Koller, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Neil J. Evins, Dept. of Justice, Anchorage, Alaska, for plaintiff-appellee.

Before ALARCON and THOMPSON, Circuit Judges, and TASHIMA,* District Judge.

TASHIMA, District Judge:

## FACTS

Defendant was charged under 18 U.S.C. § 1512 with having intimidated a witness on January 13, 1987. He was found to be indigent. The Federal Public Defender was appointed to represent him; the cost of his witnesses was reimbursed by the government under 28 U.S.C. § 1825; and his own transportation expenses to attend the trial (defendant having been granted pre-trial release) were paid by the government under 18 U.S.C. § 4285. After a verdict of guilty on a lesser included charge of harassment of a witness under 18 U.S.C. § 1512(c), on October 23, 1987, defendant's sentence was suspended and he was placed

* Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

on probation. No appeal was taken from the judgment of conviction and sentence.

Thereafter, on November 9, 1987, the government moved to tax the costs of prosecution against defendant in the sum of $7,361.43, under 28 U.S.C. § 1821. To be able to attend the hearing on that motion, defendant moved for transportation pursuant to 18 U.S.C. § 3604. Since, defendant claims, the latter motion was not ruled on early enough to be of any use, he paid his own way from Petersburg, Alaska, to Anchorage, the seat of the district court. The distance is approximately 700 miles. Defendant then moved for reimbursement of his post-sentencing travel costs under the same statute, § 3604.

On December 21, 1987, defendant's second motion was denied on the basis that defense counsel should not have required her client to be present at the hearing because only questions of law were involved and because counsel should have recognized that "there was no legal basis" for the government's motion, i.e., that it was completely meritless.[1] Subsequently, on December 28, defendant moved for reconsideration of the order denying expenses for out-of-custody transportation. That motion was denied by an order entered on February 29, 1988. The notice of appeal was filed on March 1, 1988.

## ISSUES

1. Whether the notice of appeal was timely filed.

2. Whether the trial court erred in denying the request for reimbursement of transportation costs.

## DISCUSSION

### A. Appellate Jurisdiction.

Because the initial order denying appellant's motion for transportation costs was entered on December 22, 1987, and the notice of appeal was not filed until March 1, 1988, unless filing of the motion for reconsideration tolled F.R.App.P. 4(b)'s 10-day requirement, the appeal would not be timely and we would not have jurisdiction.

In United States v. Dieter, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), the Court affirmed its earlier statement in United States v. Healy, 376 U.S. 75, 78–79, 84 S.Ct. 553, 555–56, 11 L.Ed.2d 527 (1964), "that the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal as long as the petition is pending." Dieter, 429 U.S. at 8, 97 S.Ct. at 19.

Both Dieter and Healy involved motions for reconsideration[2] which were filed within the period during which a timely notice of appeal from the original order could have been filed. All of our cases construing Dieter similarly hold that for a motion for reconsideration to extend the time for appeal, (1) the motion for reconsideration must be filed within the period during which an appeal could have been noticed from the original order, and (2) the notice of appeal must be filed within the required period following the order on the motion for reconsideration. United States v. Davison, 856 F.2d 1289, 1291 (9th Cir.1988); United States v. Shaffer, 789 F.2d 682, 686 n. 3 (9th Cir.1986); United States v. Jones, 608 F.2d 386, 390 (9th Cir.1979).[3]

All of the cases discussed above are cases in which the government was the appellant and, thus, had 30 days within which to file a motion for reconsideration because the government has 30 days to file its notice of appeal. 18 U.S.C. § 3731; F.R.App.P. 4(b). While application of the same rule to criminal defendants would result in their having only 10 days within which to file a motion for reconsideration, the Supreme Court's reasoning in Dieter

---

1. The government's motion to tax costs also was denied.

2. There, the nomenclature used was "petition for rehearing." However, the name is not controlling, as long as the motion's "purpose and effect" is to ask the district court "to 'reconsider [a] question decided in the case' in order to

effect an 'alteration of the rights adjudicated.'" Dieter, 429 U.S. at 8–9, 97 S.Ct. at 19–20 (citation omitted).

3. See also United States v. Janovich, 688 F.2d 1227 (9th Cir.) (per curiam), cert. denied, 459 U.S. 915, 103 S.Ct. 228, 74 L.Ed.2d 180 (1982) (reconsideration of F.R.Crim.P. 35(b) motion).

and *Healy* is fully applicable to other motions. It is also in keeping with the policy of speedy disposition of criminal matters. *E.g.*, F.R.Crim.P. 33 (motion for new trial must be made within 7 days, unless period is extended by the court).

 Thus, we hold that for a criminal defendant's motion for reconsideration to extend the time within which a notice of appeal must be filed, it must be filed within the period during which a timely notice of appeal from the underlying order could have been filed, *i.e.*, 10 days. Here the original order denying defendant's motion for reimbursement of travel costs was entered on the docket on December 22, 1987. Defendant's motion for reconsideration was filed on December 28. The motion for reconsideration was denied on February 29, 1988, and the notice of appeal was filed the next day. Both the motion for reconsideration and notice of appeal were timely and we have jurisdiction of this appeal.

B. *The Merits.*

 What the applicable law is is a question of law and, as such, is reviewed *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Denial of a motion for reconsideration is reviewed for abuse of discretion. *See Whale v. United States*, 792 F.2d 951, 952 (9th Cir.1986) (F.R.Civ.P. 60(b) motion). While both the parties and the district court assumed that the district court had the statutory authority to grant defendant's motion, we conclude otherwise. However, we may affirm the trial court's order "on any ground fairly presented by the record that, as a matter of law, sustains the judgment." *United States v. Burnette*, 698 F.2d 1038, 1048 (9th Cir.) (citation omitted), *cert. denied*, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983).

Defendant's motions for transportation costs were made under 18 U.S.C. § 3604.[4]

However, Section 3604 is inapplicable to this case. Section 3604 became effective on November 1, 1987, and applies only to offenses committed after that date.[5] The crime of conviction here was committed on January 13, 1987.

 A substantially similar predecessor statute, 18 U.S.C. § 4283 (repealed 1987), applies to offenses committed before November 1, 1987.[6] Former § 4283 provided:

> A court of the United States when placing a defendant on probation, may direct the United States marshal to furnish the defendant with transportation to the place to which the defendant is required to proceed under the terms of his probation. . . .

By its plain language, § 4283 applies only to "transportation to the place to which the defendant is required to proceed under the terms of his probation." Attending the hearing on the motion to tax costs was not a place to which defendant was required to proceed as a term of his probation. Section 4283 has no application to this case.

Although not relied on in the trial court, on appeal defendant also cites 18 U.S.C. § 4285 as a basis for his motions. Section 4285, the provision under which defendant's travel expenses during trial were paid, does not apply because defendant was no longer on release under Chapter 207—The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* He had been sentenced and no appeal had been taken. There being no statutory basis for post-sentencing travel reimbursement, the district court did not err in denying the request.

Because the trial court lacked the statutory authority to grant the request, it was not an abuse of discretion to deny the motion for reconsideration.

AFFIRMED.

---

4. 18 U.S.C. § 3604(a), provides:
 A court, after imposing a sentence of probation, may direct a United States Marshal to furnish the probationer with—
 (a) Transportation to the place to which he is required to proceed as a condition of his probation.

5. *See* Comprehensive Crime Control Act of 1984, Pub.L. 98–473, § 235(a)(1), 98 Stat.1976, 2031, *amended by* Sentencing Reform Amendments Act of 1985. Pub.L. 99–217, § 4, 99 Stat. 1728.

6. *See* footnote 5.