**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Davy Jay BOUNSALL, Defendant—**
**Appellant.**

Nos. 01–10233, 01–10234.
D.C. No. CR–96–00139–PMP.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Davy Jay Bounsall, a federal prisoner, appeals pro se the denial of his "petition to reconsider this courts [sic] order denying petitioner his rights and access to his legal material." ("Petition.")[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *United States v. Lefler*, 880 F.2d 233, 235 (9th Cir.1989), and we affirm.

Bounsall requests total access to his legal materials for the purpose of filing a second or successive section 2255 motion to attack his conviction and sentence. Because Bounsall failed to show that his restriction from his legal materials resulted in actual injury, *see, e.g., Sands v. Lewis*, 886 F.2d 1166 (9th Cir.1989), the district court did not err in denying his petition.

To the extent that Bounsall now seeks to file an application for authorization of a second or successive 28 U.S.C. § 2255 motion, that request is denied without prejudice to filing an application that complies with the requirements of Ninth Circuit Rule 22–3.

If Bounsall elects to file an application in this court for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court, Bounsall must show:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3).

To the extent that Bounsall's petition constitutes a request for further relief, that request is denied.

The Clerk shall serve with this order a copy of the unofficial form for a successive petition request.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Bounsall's requests for oral argument and appointment of counsel are denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We will not review the denials of Bounsall's February 28, 2001, petition requesting, *inter alia*, the district court to enter information into its record or his March 21, 2001, petition requesting the court to un-seal a letter. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992) (stating that matters not raised and argued in appellant's opening brief are not ordinarily considered).