UNITED STATES of America,
Plaintiff–Appellee,

v.

Tomas TAPIA–MARQUEZ,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Tomas Tapia–Marquez, Defendant–
Appellant.

Nos. 03–50167, 03–50223.

United States Court of Appeals,
Ninth Circuit.

Submitted March 2, 2004.*

Filed March 9, 2004.

---

* The panel unanimously finds this case suitable for disposition without oral argument. *See*    Fed. R.App. P. 34(a)(2)(C).

Michelle D. Anderson, Federal Defenders of San Diego, Inc., San Diego, CA, for the defendant-appellant.

Carol C. Lam, United States Attorney, Mark R. Rehe, Assistant U.S. Attorney, United States Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

SILVERMAN, Circuit Judge.

We hold today that a criminal defendant, whose appeal of a judgment revoking his supervised release became moot when he was released from custody while the appeal was pending, is not entitled to vacatur of the judgment where existing precedent squarely foreclosed the only issue he raised in his appeal.

## Factual and Procedural Background

In 2001, Tapia–Marquez was convicted of unlawful reentry after deportation in violation of 8 U.S.C. § 1326. He was sentenced to 60 days imprisonment, followed by one year of supervised release. He was released from custody on April 12, 2001, and began serving his supervised release on that date. On May 23, 2001, he was removed to Mexico.

Six weeks later, while still on supervised release, Tapia–Marquez was arrested near the Calexico, California Port of Entry for making a false statement to a federal officer in violation of 18 U.S.C. § 1001. He pled guilty to that charge and was sentenced to six months imprisonment and three years of supervised release.

Tapia–Marquez's guilty plea to the new charge triggered proceedings to revoke his supervised release in the first case. He moved to dismiss the revocation proceedings on the ground that he never received written notice of the conditions of his supervised release, even though he did receive an oral advisement of those conditions at his sentencing. The district court denied the motion to dismiss, revoked his supervised release, and sentenced him to 10 months imprisonment, to be served consecutively to the six-month term imposed for the false statement charge.

Tapia–Marquez appealed the revocation of his supervised release and 10–month custodial sentence. In his opening brief on appeal, Tapia–Marquez raised one claim of error: the district court's failure to give him written notice of the conditions of his supervised release rendered the revocation invalid. On November 6, 2002, one month before the date oral argument was scheduled to take place in his appeal, Tapia–Marquez completed his 10–month sentence and was released from custody.

On November 26, 2002, we decided *United States v. Ortega–Brito*, 311 F.3d 1136, 1138 (9th Cir.2002), *cert. denied*, 539 U.S. 950, 123 S.Ct. 2627, 156 L.Ed.2d 642 (2003), which held that a district court's failure to provide a defendant with written notice of conditions of supervised release is not reversible error if the defendant received actual notice of those conditions. The next day, we filed an order directing the parties to be prepared to discuss at oral argument the effect of *Ortega–Brito* on Tapia–Marquez's then-pending appeal. Two days later, Tapia–Marquez, now out of custody, filed a "motion to vacate judgment and remand for dismissal of the cause for mootness," relying on *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Although the government opposed the motion to vacate the judgment, it filed its own motion to dismiss the appeal as moot. We granted the government's motion to dismiss and remanded the case to the district court to

determine whether vacatur of the revocation judgment, as urged by Tapia–Marquez, was appropriate.

On remand, the district court denied Tapia–Marquez's motion to vacate the judgment revoking his supervised release. The court reasoned that Tapia–Marquez's challenge to the revocation of his supervised release was flatly precluded by *Ortega–Brito,* and therefore refusal of vacatur would impose no hardship on him. Further, to grant his request "would seriously undermine the doctrine and value of finality of the judgment." Tapia–Marquez now appeals the order denying his motion to vacate the judgment and the order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's grant or denial of vacatur, *see American Games, Inc. v. Trade Products, Inc.,* 142 F.3d 1164, 1166 (9th Cir.1998), and denial of a motion for reconsideration, *see 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 661 (9th Cir.1999). We affirm.

## Discussion

■ Tapia–Marquez contends that, under *Munsingwear,* he is entitled to vacatur of the judgment revoking his supervised release because his appeal became moot while it was pending. We agree that his release from custody mooted the pending appeal of his sentence.[1] *See United States v. Gomez–Gonzalez,* 295 F.3d 990 (9th Cir. 2002). We disagree, however, that *Munsingwear* requires vacatur of a criminal judgment when an appeal of that judgment becomes moot.

In *Munsingwear,* the government sought injunctive and monetary relief against the defendant for violating a price control regulation. The district court held in abeyance the government's claims for treble damages pending its decision on the injunction. After a bench trial, the district court found that the defendant's prices complied with the regulation. The government appealed. While the appeal was pending, the commodity at issue was decontrolled and the defendant moved to dismiss the appeal as moot. The Court of Appeals granted the motion and dismissed the appeal. On remand, the defendant moved to dismiss the treble damage actions, arguing that the judgment on the injunction was res judicata of the treble damage actions. The district court agreed and dismissed the treble damage actions. The government appealed, and the Court of Appeals and Supreme Court affirmed. The Supreme Court noted that its "established practice" in dealing with a federal civil case that becomes moot while on appeal is "to reverse or vacate the judgment below and remand with a direction to dismiss." 340 U.S. at 39, 71 S.Ct. 104. But because the government did not request vacatur of the judgment, it "slept on its rights" and was not entitled to vacatur. *Id.* at 40–41, 71 S.Ct. 104.

Here, Tapia–Marquez did seek vacatur of the judgment shortly after his appeal became moot. It is an open question, however, whether the vacatur rule of *Munsingwear* even applies in criminal cases, given the Court's repeated statements that vacatur is the governing practice in *civil* cases. *See id.* at 39, 71 S.Ct. 104 ("[t]he established practice of the Court in dealing with a *civil* case from a court in the federal system ...") (emphasis added); *id.* at 40 n. 2, 71 S.Ct. 104 ("This has become the standard disposition in federal *civil* cases.... So far as federal *civil* cases are

---

1. A defendant's release from custody pending appeal does not moot an appeal of his *conviction* if other collateral consequences may flow from the conviction. *See United States v. Ven-* *tre,* 338 F.3d 1047, 1050–51 (9th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 951, 157 L.Ed.2d 763 (2003).

concerned, there are but few exceptions to this practice in recent years") (emphasis added). The Supreme Court has never applied *Munsingwear* in a criminal case. Neither have we. Even if there are circumstances in which *Munsingwear* might conceivably apply in a criminal context,[2] its application in this case would have been plainly inappropriate.

In his appeal of the judgment revoking his supervised release, Tapia–Marquez raised only one argument: the revocation was invalid because the district court did not give him written notice of the conditions of his supervised release. We rejected this argument in *Ortega–Brito*.[3] Tapia–Marquez received oral notice of the conditions of his supervised release at his sentencing hearing, and *Ortega–Brito* held that such notice is sufficient. 311 F.3d at 1138–39. Accordingly, *Ortega–Brito* would have compelled affirmance of the judgment if Tapia–Marquez's release from custody had not rendered his appeal moot.

The purpose underlying the vacatur rule in *Munsingwear* is to deny preclusive effect to a ruling that, due to mootness, was never subjected to meaningful appellate review. *See Munsingwear*, 340 U.S. at 41, 71 S.Ct. 104 (the practice of vacatur is "utilized ... to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences"). This salutary purpose is not implicated here because Tapia–Marquez's only claim of error on appeal was squarely foreclosed by the recent decision in *Ortega–Brito*. For these reasons, the district court properly concluded that Tapia–Marquez would suffer no hardship by a denial of his motion to vacate the judgment. The facts remain that Tapia–Marquez was on supervised release, was found to have violated it, had his release revoked, and was sentenced to prison. The completion of his sentence during the pendency of his appeal, although mooting the appeal, should not earn him a dismissal of the charge.

█ Tapia–Marquez also argues that the district court abused its discretion when it summarily denied his motion to vacate the judgment without requesting briefing or argument from the parties. Tapia–Marquez raised this argument in his motion for reconsideration, in which, incidentally, the issues were fully briefed. The district court denied the motion, noting, among other things, that "the record is clear and there is no need for further briefing or oral argument on this issue." The district court did not abuse its discretion in resolving the motion to vacate the judgment on the adequate record before it.

**AFFIRMED.**

---

2. *See, e.g., United States v. Schaffer*, 240 F.3d 35, 36–38 (D.C.Cir.2001) (vacating panel's decision and district court judgment under *Munsingwear* after defendant received an unconditional presidential pardon for his conviction); *United States v. Mora*, 135 F.3d 1351, 1358 & n. 4 (10th Cir.1998) (reversing defendant's conviction under the Speedy Trial Act and vacating all other district court rulings under *Munsingwear* ); *United States v. Ghandtchi (In re Ghandtchi)*, 705 F.2d 1315, 1315–16 (11th Cir.1983) (district court's ruling on its jurisdiction to review a magistrate's bail decision in extradition case vacated under *Munsingwear* when extraditee was taken back into custody); *United States v. Miller*, 685 F.2d 123 (5th Cir.1982) (per curiam) (vacating panel's decision and district court's contempt order where pretrial subpoena duces tecum at issue was relevant only to criminal proceedings that had been finalized before the mandate was issued).

3. *Ortega–Brito* involved a claim that was identical to that raised by Tapia–Marquez, before the same district judge that presided over this case, and litigated by the same defense attorney who represents Tapia–Marquez here.