Van A. PENA, Plaintiff–Appellee,

v.

Timothy MEEKER;  Patricia Rees;
Hal Peterson;  Jennifer Wear;
Denise Sheldon, Defendants,

and

Judith Bjorndal, Defendant–Appellant.

No. 07–15484.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Oct. 28, 2008.

Lawrence J. King, Esq., Lawrence J. King Law Offices, David P. King, Esq., Petaluma, CA, for Plaintiff–Appellee.

Fiel D. Tigno, Office of the California Attorney General, Oakland, CA, for Defendants.

Terry Senne, Office of the California Attorney General, Oakland, CA, for Defendant–Appellant.

Before:  HUG, ARCHER **, and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Defendant–Appellant Dr. Judith Bjorndal ("Bjorndal") appeals the district court's partial denial of her motion for summary judgment on the basis of qualified immunity from Dr. Van A. Pena's claims under 42 U.S.C. § 1983. Bjorndal's appeal is untimely under Fed. R.App. P. 4(a)(1)(A) and 28 U.S.C. § 2107(a) because it was filed more than 30 days after the summary judgment order was entered. The timeliness requirements of Fed. R.App. P. 4(a) are mandatory and jurisdictional. *See Browder v. Dir., Dep't of Corr.*, 434 U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *United States v. Sadler,* 480 F.3d 932, 937 (9th Cir.2007). Bjorndal contends that her appeal is nonetheless timely because her "Motion for Leave to File a Motion for Reconsideration" tolled the time for filing an appeal. We disagree and dismiss the appeal for lack of appellate jurisdiction.

Under Fed. R.App. P. 4(a)(4), only a limited set of motions will, if timely filed, toll the time within which to file a notice of appeal. In relevant part, these motions include motions to alter or amend judgment under Federal Rule of Civil Procedure 59 and motions for relief from a judgment or order under Rule 60. A motion brought under the local rules may qualify for tolling if (1) it could have been brought under Rule 59 or 60 and (2) if it was brought within 10 days of the order or judgment being appealed. *See United States v. Nutri-cology, Inc.,* 982 F.2d 394, 397 (9th Cir.1992) ("A motion, however labelled, served within ten days of the entry of an order that could have been brought under Rule 59(e) tolls the time for filing a notice of appeal."); Fed. R.App. P. 4(a)(4)(A)(vi) (requiring that a motion brought under Rule 60 be filed within 10 days of the entry of judgment to toll the time for appeal); Fed.R.Civ.P. 59(e) (requiring that a motion to alter or amend the judgment be filed within 10 days of the entry of judgment).

The district court's summary judgment order was entered on January 24, 2007, and Bjorndal's Motion for Leave under N.D. Cal. Civil Rule 7–9(a) was brought on February 9, 2007, more than ten days after the order was entered. Even if this motion could substantively be treated as a motion brought under Rule 59 or 60, it does not meet the 10–day requirement for tolling under Fed. R.App. P. 4(a)(A)(iv) or (vi). *See Scott v. Younger,* 739 F.2d 1464, 1466–67 (9th Cir.1984) (treating a motion

for reconsideration as a motion brought under Fed.R.Civ.P. 59(e) for the purposes of tolling, but concluding the motion was untimely under Rule 59(e) and, therefore, failed to toll the running of the appeal period). No other provision of the Federal Rules allows for a "Motion for Leave to File a Motion for Reconsideration" to toll the time for filing an appeal.

Bjorndal argues that case law concerning the timeliness of government appeals in criminal cases—*United States v. Ibarra,* 502 U.S. 1, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991); *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976); *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964); and *United States v. Lefler,* 880 F.2d 233 (9th Cir.1989)—requires us to depart from the clear language of Fed. R.App. P. 4(a). Each of these cases reiterates the observation in *Healy* that "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal as long as the petition is pending." *Dieter,* 429 U.S. at 8, 97 S.Ct. 18; *Lefler,* 880 F.2d at 234; *see Healy,* 376 U.S. at 78–79, 84 S.Ct. 553; *Ibarra,* 502 U.S. at 4–5, 112 S.Ct. 4. On this basis, Bjorndal contends that we must treat her motion as tolling the time for appeal. In *Browder,* however, the Supreme Court rejected this argument, saying:

> The Court's resort to traditional practice [for determining whether a motion tolls the time for appeal] in those cases was predicated explicitly on the absence of a relevant statute or rule governing the tolling of the time to appeal.... Where, as here, a rule governs the procedure in question, the problem addressed in *Dieter* and *Healy* is absent.

434 U.S. at 268 n. 13, 98 S.Ct. 556.

Bjorndal's reliance on *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56,

61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), is also misplaced; *Griggs* was superseded by the 1993 amendments to the Rules. *Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.,* 19 F.3d 444, 444–45 (9th Cir.1994).

In the alternative, Bjorndal contends in her supplemental brief that we should review the district court's denial of leave to file a motion for reconsideration. Bjorndal's notice of appeal gives no indication of an intention to seek review of this order, and she waived her argument that the district court abused its discretion in denying leave when she failed to raise this issue in her opening and reply briefs. *See, e.g., Friends of Yosemite Valley v. Kempthorne,* 520 F.3d 1024, 1033 (9th Cir.2008).

The appeal is, therefore, DISMISSED.