UNITED STATES of America,
Plaintiff—Appellee,

v.

Walter JOHNSON, Defendant—
Appellant.

No. 07–10111.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

Ann Birmingham Scheel, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Craig Orent, Esq., FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

■ Walter Johnson appeals from the 33–month sentence imposed following his guilty-plea conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. We vacate the previous order of this court, filed on April 5, 2007. We construe Johnson's December 15, 2006 motion as a motion for reconsideration. *See United States v. Lefler*, 880 F.2d 233, 234 (9th Cir.1989). So construed, appellant's motion tolled Federal Rule of Appellate Procedure 4(b)'s ten-day requirement, and his appeal is timely. *See id.*

■ Johnson appeals only from the imposition of one of his special conditions of supervised release, and contends that the appeal waiver in his plea agreement does not preclude this appeal because: (1) he did not knowingly waive his rights with

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

respect to the condition; (2) the special condition is illegal; and (3) the waiver does not cover his supervised release conditions. We conclude that Johnson entered into his plea agreement knowingly and voluntarily. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000). We also conclude that the supervised release condition at issue does not violate the law. *See United States v. Bibler,* 495 F.3d 621, 624 (9th Cir.2007); *see also United States v. Guagliardo,* 278 F.3d 868, 872 (9th Cir.2002). Finally, the waiver encompasses Johnson's challenge to his conditions of supervised release. *See United States v. Joyce,* 357 F.3d 921, 923–24 (9th Cir.2004); *United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000). Accordingly, we dismiss in light of a valid appeal waiver.

**DISMISSED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.