**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50070 |
| Plaintiff - Appellee, | D.C. No. 2:99-cr-01088-MMM-1 |
| v. | |
| NZELO CHINEDU OKAFOR, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: CANBY, WATFORD, and HURWITZ, Circuit Judges.

Defendant Nzelo Okafor appeals the district court's order denying his

motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and his motion

for reconsideration of the district court's earlier reduction of his sentence. We

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

review de novo whether the district court has jurisdiction to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2). *United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012). We review for abuse of discretion the district court's denial of a motion for reconsideration. *United States v. Tapia-Marquez*, 361 F.3d 535, 537 (9th Cir. 2004).

A defendant is eligible for a sentence reduction if the sentence originally imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court properly concluded that Okafor was not eligible for a further sentence reduction because Amendment 750 did not lower his applicable guidelines range. The district court determined on three occasions—during Okafor's original sentencing proceeding, first sentence reduction proceeding, and second sentence reduction proceeding—that Okafor's base offense level is that associated with 2.812 kilograms of a mixture containing cocaine base. The offense level associated with 2.812 kilograms of a mixture containing cocaine base remains 36, as it was when the court granted Okafor's first sentence reduction motion. USSG Manual, § 2D1.1(c)(2) (2012). Because Okafor's base offense level and criminal history category have not been lowered since his sentence was last reduced, he is not eligible for a sentence reduction.

The district court also did not abuse its discretion in denying Okafor's motion for reconsideration of its earlier reduction of his sentence. Okafor proffered no new evidence to support his claim that his sentence should have been reduced to an amount below 193 months. Nor did Okafor point to any misrepresentation, mistake, or surprise that might warrant reconsideration. *See* Fed. R. Civ. P. § 60(b)(1), (2); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (noting that motions for reconsideration may be filed in criminal cases and are subject to Fed. R. Civ. P. 59 and 60). Under these circumstances, the district court appropriately denied Okafor's motion for reconsideration.

**AFFIRMED.**