**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 12-50351 |
| Plaintiff - Appellee, | 12-50436 |
| v. | D.C. Nos. 2:03-cr-00460-RSWL |
| | 2:03-cr-00460-ODW |
| ABRAHAM FERREL GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

In these consolidated appeals, Abraham Ferrel Gutierrez appeals from the

district court's order granting his 18 U.S.C. § 3582(c)(2) motion for reduction of

sentence and the order denying his motion for reconsideration.  We have

jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see United*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012); *United States v. Tapia-Marquez*, 361 F.3d 535, 537 (9th Cir. 2004), and we affirm.

Preliminarily, we reject the government's contention that we lack jurisdiction over this appeal. *See United States v. Dunn*, 728 F.3d 1151, 1155-58 (9th Cir. 2013).

The district court granted Gutierrez's section 3582(c)(2) motion, reducing his sentence from 200 to 160 months. Gutierrez contends that the district court procedurally erred by failing to explain adequately why his post-sentencing conduct was not sufficient to support a sentence reduction to 151 months. This contention is unpersuasive. The record reflects that the district court considered Gutierrez's post-sentencing rehabilitation and adequately explained the 160-month sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Gutierrez also contends that the sentence is substantively unreasonable because the district court gave insufficient weight to his post-sentencing conduct and excessive weight to the drug quantity relied on at the original sentencing. The district court did not abuse its discretion in imposing Gutierrez's sentence. *See Dunn*, 728 F.3d at 1157. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See id.* at 1159-60; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir.

12-50351 & 12-50436

2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, the district court did not abuse its discretion by denying Gutierrez's motion for reconsideration. *See Tapia-Marquez*, 361 F.3d at 537.

**AFFIRMED.**