**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10240 |
| Plaintiff-Appellee, | D.C. No. 3:05-cr-00324-MMC-2 |
| v. | |
| DENNIS CYRUS, Jr., AKA Daddy-O, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Dennis Cyrus, Jr., appeals pro se from the district court's orders denying his

motion for a sentence reduction under section 404 of the First Step Act and motion

for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As an initial matter, the government is correct that Cyrus's notice of appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was untimely as to the district court's order denying his motion for a sentence reduction. *See* Fed. R. App. P. 4(b); *United States v. Lefler*, 880 F.2d 233, 234-35 (9th Cir. 1989) (time to appeal is tolled only if motion for reconsideration is timely). However, even assuming Cyrus's appeal were timely as to both of the district court's orders, he is not entitled to relief. Contrary to Cyrus's argument, the district court was not required to reduce his sentence simply because he was eligible for a reduction. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); *United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020). In light of the seriousness of Cyrus's criminal conduct, the court properly exercised its discretion to deny a reduction. *See Kelley*, 962 F.3d at 472. Moreover, Cyrus is incorrect that his eligibility for a sentence reduction on one of the counts of conviction entitled him to a plenary resentencing on all of the counts of conviction. *See id.* at 477-78 (the First Step Act, which "plainly indicates that Congress intended to limit courts engaging in resentencing to considering a single changed variable," does not authorize a plenary resentencing).

**AFFIRMED.**