**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10326 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-00288-JST-1 |
| v. | |
| SUSAN XIAO-PING SU, AKA Susan Su, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Susan Xiao-Ping Su appeals from the district court's orders denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and subsequent motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Initially, the government is correct that Su's notice of appeal from the denial of her motion for compassionate release is untimely. *See* Fed. R. App. P. 4(b)(1). Su's motion for reconsideration did not toll the deadline to file a notice of appeal because it was not filed within the requisite 14-day period. *See United States v. Lefler*, 880 F.2d 233, 235 (9th Cir. 1989).

However, even if Su's appeal were timely as to both of the district court's orders, she is not entitled to relief. Contrary to Su's arguments, the district court did not abuse its discretion by denying compassionate release. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (stating standard of review). The court applied the correct legal standards, did not rely on any clearly erroneous facts, and considered all of Su's arguments and the relevant 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable § 3553(a) factors in assessing request for compassionate release); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (district court need not "tick off" all of the § 3553(a) factors to show that it has considered them). In light of the reasons cited by the district court, which are supported by the record, the court did not abuse its discretion by denying Su's motion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

The district court also did not abuse its discretion by denying Su's motion for reconsideration, which did not identify any basis in law or fact warranting reconsideration of the court's prior order denying compassionate release. *See United States v. Tapia-Marquez*, 361 F.3d 535, 537 (9th Cir. 2004) (stating standard of review); *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (describing circumstances warranting reconsideration).

**AFFIRMED.**