**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

YVONNE CAITANO,

Defendant-Appellant.

No.    21-10041

D.C. No. 1:18-cr-00167-HG-2

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Yvonne Caitano appeals pro se from the district court's orders denying her

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and

subsequent motion for reconsideration.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Initially, the government is correct that Caitano's appeal from the order denying her motion for compassionate release is untimely. *See* Fed. R. App. P. 4(b)(1). Caitano's motion for reconsideration did not toll the deadline to file a notice of appeal because it was not filed within the requisite 14-day period. *See United States v. Lefler*, 880 F.2d 233, 235 (9th Cir. 1989).

Caitano contends that the district court should have granted reconsideration because the evidence she submitted in support of her original motion, together with the allegedly new evidence she submitted in support of her motion for reconsideration, showed that her medical conditions constituted extraordinary and compelling reasons for release. However, even if Caitano's allegedly new evidence as to her medical conditions was sufficient to meet the "extraordinary and compelling" standard of § 3582(c)(1)(A)(i), the district court was correct that her motion for reconsideration did not address the court's independent finding that the 18 U.S.C. § 3553(a) factors did not support relief. Moreover, any challenge to that finding would have been unavailing because the court reasonably weighed the § 3553(a) factors, concluding that, notwithstanding Caitano's health issues and COVID-19 diagnosis, her immediate release would not adequately reflect the seriousness of the offense, deter similar criminal conduct, or protect the public. On this record, the district court did not abuse its discretion by denying Caitano's motion for reconsideration. *See United States v. Tapia-Marquez*, 361 F.3d 535,

2                                                                      21-10041

537 (9th Cir. 2004) (stating standard of review); *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**