**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> FRANKIE THOMAS GOULDING, <br><br> Defendant-Appellant. | No. 20-10399 <br><br> D.C. No. <br> 1:18-cr-00240-LJO-SKO-1 <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 14, 2021**

Before:      PAEZ, NGUYEN, and OWENS, Circuit Judges.

Frankie Thomas Goulding appeals pro se from the district court's orders

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)

and subsequent motion for reconsideration.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

      \*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      \*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Initially, the government is correct that Goulding's appeal from the order denying his motion for compassionate release is untimely. *See* Fed. R. App. P. 4(b)(1). Goulding's motion for reconsideration did not toll the deadline to file a notice of appeal because it was not filed within the requisite 14-day period. *See United States v. Lefler*, 880 F.2d 233, 235 (9th Cir. 1989).

We review the district court's order denying reconsideration for abuse of discretion. *See United States v. Tapia-Marquez*, 361 F.3d 535, 537 (9th Cir. 2004). Goulding contends that the district court applied the wrong legal standard by treating U.S.S.G. § 1B1.13 as the applicable policy statement. While the district court appears to have treated § 1B1.13 as binding in violation of *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the error does not warrant remand because the district court also denied reconsideration after weighing the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court can deny compassionate release on the basis of the § 3553(a) factors alone). Contrary to Goulding's argument, the court did not rely on any clearly erroneous findings related to the length or consecutive nature of his sentence, *see United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010), and it did not abuse its discretion in weighing the § 3553(a) sentencing factors, *see Keller*, 2 F.4th at 1284. We do not reach Goulding's remaining arguments related to the reconsideration order because they do not raise any error in the court's § 3553(a)

analysis.

We deny Goulding's renewed request for a limited remand and deny as unnecessary his requests for judicial notice.

**AFFIRMED.**