NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUKE WARNER,

Defendant-Appellant.

No. 22-10004

D.C. No. 1:14-cr-00688-HG-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted July 12, 2022**

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Luke Warner appeals pro se from the district court's orders denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and various

supplemental motions.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Warner first contends that the district court erred in denying his motion for compassionate release. Warner has not shown, however, that the district court abused its discretion. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The court properly treated U.S.S.G. § 1B1.13 as advisory. *See Aruda*, 993 F.3d 802. Moreover, it fully considered Warner's circumstances and arguments and did not rely only any clearly erroneous facts. It did not abuse its discretion in concluding that (1) Warner lacked extraordinary and compelling reasons for release in light of his vaccination status and prior recovery from COVID-19, and the Bureau of Prisons' ability to provide adequate care for his medical conditions, and (2) the 18 U.S.C. § 3553(a) factors did not support release given the seriousness of Warner's offense, his criminal history, and his failure to self-surrender after sentencing. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

Warner next challenges the district court's orders denying numerous motions related to his motion for compassionate release. We find no error in the sequence or timing of the court's orders. Moreover, the district court did not abuse its discretion in denying Warner's motions for recusal, *see United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997), or Warner's related motions for reconsideration, *see United States v. Tapia-Marquez*, 361 F.3d 535, 537 (9th

22-10004

Cir. 2004). Warner's remaining challenges to the court's orders denying his numerous supplemental motions are without merit.

Warner's pending motions before this court are granted insofar as Warner asks this court to consider all relevant authority and filings before the district court. All other pending motions are denied.

**AFFIRMED.**