NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30196 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00028-RRB-1 |
| v. | |
| KALEB L. BASEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Kaleb L. Basey appeals pro se from the district court's orders granting his

motion for return of property under Federal Rule of Criminal Procedure 41(g) and

denying reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Basey's
request for oral argument is denied.

As an initial matter, we reject Basey's assertions that the district court's order granting relief was an injunction or "coerced settlement." The record reflects that the district court properly granted Basey's motion for return of property after the government filed a notice of non-opposition conceding that it had no legitimate reason to retain the property at issue. *See United States v. Martinson*, 809 F.2d 1364, 1369-70 (9th Cir. 1987) ("A district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended." (internal quotation marks omitted)). Moreover, the court did not abuse its discretion in denying Basey's motions for reconsideration after ordering the government to return Basey's items and delete copies in its possession. *See United States v. Tapia-Marquez*, 361 F.3d 535, 537 (9th Cir. 2004) (stating standard of review). Contrary to Basey's contentions, the district court was not required to treat the government's notice of non-opposition as a motion to dismiss, and neither the district court nor this court need reach Basey's claim that the property at issue was illegally seized. *See Martinson*, 809 F.2d at 1369 ("[W]hen the property in question is no longer needed for evidentiary purposes . . . the legality of the search and seizure is no longer an issue."). Finally, no hearing on the motion was required. *See* Fed. R. Crim. P. 41(g).

In light of this disposition, we do not reach the government's remaining arguments.

21-30196

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Basey's motion for reassignment to a different district judge is denied as moot.

**AFFIRMED.**