NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-700 |
| Plaintiff - Appellee, | D.C. No. 1:19-cr-00169-JMS-1 |
| v. | MEMORANDUM* |
| CHARISSE MACLOVES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted October 10, 2023**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Charisse Macloves appeals pro se from the district court's orders denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and her subsequent motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Initially, we agree with the government that Macloves' notice of appeal from the denial of her motion for compassionate release was untimely. *See* Fed. R. App. P. 4(b)(1); *United States v. Lefler*, 880 F.2d 233, 235 (9th Cir. 1989). But, there is no prejudice to her because we have reviewed both district court orders and conclude that there was no abuse of discretion by the district court. *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (stating standard of review for compassionate release motions); *United States v. Tapia-Marquez*, 361 F.3d 535, 537 (9th Cir. 2004) (stating standard of review for reconsideration motions).

Contrary to Macloves' argument, the record reflects that the district court considered her arguments for release and the totality of her circumstances. Its conclusion that relief was unwarranted in light of the 18 U.S.C. § 3553(a) factors, including Macloves' criminal history and the need for deterrence, was reasonable and supported by the record. *See Keller*, 2 F.4th at 1284. Moreover, Macloves failed to identify any law or fact warranting reconsideration. *See School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Finally, contrary to Macloves' contention, the court did not abuse its discretion by failing to hold an evidentiary hearing on her motion. *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).

**AFFIRMED.**