USCA1 Opinion

 

 June 13, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2011 RANDY S. LAPLANTE, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Randy S. Laplante on brief pro se. _________________ Donald K. Stern, United States Attorney, and Mark W. Pearlstein, _______________ ___________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Randy LaPlante appeals a district court ___________ order that denied his 28 U.S.C. 2255 motion to vacate a sentence that was imposed as a result of LaPlante's violations of the terms of his supervised release. We affirm. As the district court's order summarizes LaPlante's history and claims, we will not repeat them here. After thoroughly reviewing the record and the parties briefs on appeal, we are persuaded that the district court correctly denied relief on LaPlante's claim that he did not receive adequate notice of the conditions of his supervised release and his claim that his reentry into the United States did not violate one of those conditions. LaPlante has failed to show cause for failing to raise these claims at his supervised release revocation (SRR) hearing or on direct appeal, and absent such a showing, review on the merits under 28 U.S.C. 2255 is barred. See Knight v. Miller, 37 F.2d 769, 774 (1st ___ ______ ______ Cir. 1994); Campino v. United States, 968 F.2d 187, 190 (2d _______ _____________ Cir. 1990). While LaPlante argues that he could not have raised these claims sooner because, inter alia, the _____ ____ prosecutor erroneously stated that the district judge had announced the conditions of LaPlante's supervised release when, in fact, the clerk had made this announcement, none of LaPlante's reasons constitute the "cause" required to obtain relief on these claims under 28 U.S.C. 2255. See Murray v. ___ ______ Carrier, 477 U.S. 478, 488 (1986); Magee v. Harshbarger, 16 _______ _____ ___________ F.3d 469, 472 (1st Cir. 1994).1 However, we note that LaPlante at least arguably had cause for not previously raising his claim that his sentence is unlawfully based on certain invalid Massachusetts convictions. It appears that, at the time of the SRR hearing, LaPlante was not aware that one of those convictions (i.e., the Brookline district court conviction) had been vacated one week earlier. Thus, LaPlante was not able to bring this to the district court's attention at the SRR hearing. Nevertheless, this claim fails on its merits. Even  ____________________ 1. Moreover, while we need not decide the merits of these claims, we note that both have serious flaws. It is undisputed that LaPlante received oral notice of the conditions of his supervised release at his initial sentencing hearing. Those conditions were not complicated. LaPlante later received written notice that his reentry was prohibited absent the Attorney General's permission when he signed a "Notice of Country to which Deportation has been Directed and Penalty for Reentry" (hereafter "Notice"). Yet at the SRR hearing, LaPlante conceded that he violated the special conditions that prohibited his reentry absent the Attorney General's permission and his use of a false drivers license. These circumstances indicate that LaPlante received adequate notice of the special conditions that governed his supervised release. See United States v. Felix, 994 F.2d 550, ___ _____________ _____ 552 (8th Cir. 1993); United States v. Johnson, 763 F. Supp. _____________ _______ 900, 903 (W.D. Texas 1991). We also note that in signing the foregoing "Notice," LaPlante expressly waived his right not to be deported until 72 hours after the service of the final order of deportation and requested deportation as soon as possible. But 8 C.F.R. 3.4 provides that an alien's departure from the United States subsequent to the taking of an appeal but before a decision thereon "shall constitute a withdrawal of the appeal...." It thus appears that LaPlante withdrew his appeal of the deportation order when he signed the "Notice" requesting immediate deportation.  -3- if the district court had ignored this conviction, this would only have resulted in a one point deduction from LaPlante's criminal history score. His criminal history category would not have changed. It is undisputed that the second conviction that LaPlante says is invalid is the subject of a motion to vacate that is pending in the West Roxbury district court. While LaPlante contends that we should hold that this conviction is "presumptively void" and deduct an additional two points from his criminal history score, we have no basis for so holding.2 Accordingly, the judgment of the district court is affirmed. ________  ____________________ 2. Contrary to LaPlante's argument on appeal, neither United ______ States v. Isaacs, 14 F.3d 106 (1st Cir. 1994), nor Custis v. ______ ______ ______ United States, 114 S. Ct. 1732, 1734 (1994), authorizes this ______________ court to hold that the West Roxbury district court conviction is "presumptively void" simply because LaPlante may not have been warned that he could be deported as a result of his guilty plea. Rather, Custis "significantly restricted" the ______ circumstances under which a prior conviction may be held to be void. See United States v. Cordero, 42 F.3d 697, 701 (1st ___ _____________ _______ Cir. 1994)(noting that Custis prohibits collateral attacks on ______ prior state-court convictions unless conviction was obtained in violation of the right to counsel). Those circumstances are not present here. -4-