**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Enrique CAZARES, Defendant—**
**Appellant.**

No. 03–50503.

D.C. No. CR–96–01580–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2004.*

Decided March 2, 2004.

Anne K. Perry, U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Shereen J. Charlick, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM**

Enrique Cazares's appeal from the district court's revocation of his supervised release fails. The district court did not abuse its discretion by revoking Cazares's supervised release because the seventy-two hour reporting requirement was a valid condition of Cazares's supervised release. *See United States v. Thomas,* 299 F.3d 150, 154 (2nd Cir.2002)

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(upholding a requirement that a defendant "report to the nearest Probation Office within seventy-two hours of release from custody" when the requirement appeared in the written judgment but was not pronounced by the district court at oral sentencing, because a seventy-two hour reporting requirement was "clearly [a] basic administrative requirement ... necessary to supervised release") (citation, internal quotation marks, and alteration omitted). Cazares had actual notice of his seventy-two hour reporting duty when he was informed of the requirement orally by his case manager and in writing by the Supervised Release Plan, which Cazares signed. *See United States v. Ortega–Brito*, 311 F.3d 1136, 1139 (9th Cir.2002) (upholding revocation where the defendant received actual notice of the supervised release conditions even though no written copy was provided to the defendant); *cf. United States v. Foster*, 500 F.2d 1241, 1243–44 (9th Cir.1974) (holding that the district court erred by revoking defendant's probation when "[n]either at the time of sentencing nor afterward was he informed by the district court [or] *anyone from the Government* ... that he should report to the probation department for any purpose") (emphasis added).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.