*49 MEMORANDUM **
Joel Botello-Quinones appeals the district court’s determination that he violated his terms of supervised release arising out of a 2002 conviction for illegal re-entry. He also appeals his sentence by the district court arising out of his conviction in 2007 for yet another illegal re-entry. See 8 U.S.C. § 1326. We affirm.
(1) Botello first asserts that' the district court could not find that he violated the terms of his supervised release, which forbade him from illegally reentering this country, because he had not been given a written notice of those terms. It is true that he should have been given a written notice,[1] but because he had actual notice, the failure of the probation officer to give a written notice did not preclude a determination that he had violated the terms.[2] He also asserts that the government did not show by a preponderance of the evidence[3] that he had illegally reentered the country during the supervised release period, but the record demonstrates that there was sufficient, even overwhelming, evidence that he had. The district court did not err when it found a violation and revoked Botello’s supervised release. See United States v. Musa, 220 F.3d 1096, 1100 (9th Cir.2000).
(2) Botello then argues that the district court erred because it imposed an unreasonable sentence upon him. We disagree. His claim that the district court should not have added two points to his criminal history score on account of his reentering while on supervised release,[4] fails along with his claim that the violation of his supervised release terms was not proven. Beyond that, the district court correctly considered the sentencing factors,[5] including the advisory calculation under the Guidelines, and imposed a within Guideline sentence that was reasonable under the circumstances. See United States v. Carty, 520 F.3d 984, 990-94 (9th Cir.2008) (en banc); United States v. Mix, 457 F.3d 906, 912-13 (9th Cir.2006); United States v. Plouffe, 445 F.3d 1126, 1131 (9th Cir.2006). He has not shown untoward sentence disparity[6] on the basis that someone who was on a fast track program may have garnered a lesser sentence.[7] Moreover, he has failed to demonstrate that there was anything unreasonable about imposing a sentence upon him at the low end of the advisory Guideline range. See Carty, 520 F.3d at 993-94. Among other things, a prior thirty month sentence for illegal re-entry had not dissuaded him from illegally re-entering yet again.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. See 18 U.S.C. §§ 3583(f), 3603(1).

. See United States v. Ortega-Brito, 311 F.3d 1136, 1138-39 (9th Cir.2002).

. See 18 U.S.C. § 3583(e)(3); United States v. Lomayaoma, 86 F.3d 142, 146 (9th Cir.1996).

. USSG § 4Al.l(d) (Nov.2006).

. 18 U.S.C. § 3553(a).

. 18 U.S.C. § 3553(a)(6).

. See United States v. Marcial-Santiago, 447 F.3d 715, 717 n. 3, 718-19 (9th Cir.2006).