**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50303 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00385-ODW-1 |
| v. | |
| TOMMIE THOMPSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before:  KELLY,[**] PAEZ, and BADE, Circuit Judges.

Defendant-Appellant Tommie Thompson appeals from a judgment finding

that he violated conditions of his supervised release, ordering that his supervised

release be revoked, and sentencing him to 13 months of imprisonment to be

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

followed by supervised release for an additional term of 60 months. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

In 1999, Mr. Thompson was convicted of possessing, and conspiracy to possess, cocaine base, heroin, and marijuana with intent to distribute. He was sentenced to 292 months' imprisonment followed by a five-year term of supervised release. The term of imprisonment was later reduced to 235 months and again to 188 months. Mr. Thompson completed his sentence of imprisonment and began supervised release in 2015.

The probation office filed a petition alleging that Mr. Thompson had violated the terms of his supervised release by failing to report an arrest by law enforcement to his probation officer.[1] Officers of the Los Angeles Police Department (LAPD) arrested Mr. Thompson at an illegal marijuana dispensary on suspicion that he was a felon in possession of a firearm. A shooting had occurred outside the dispensary and the suspected shooter fled into the facility. Security footage captured Mr. Thompson removing what appeared to be a firearm from the waistband of his pants and handing it to another individual. Mr. Thompson did not report his arrest to his probation officer. He also did not volunteer any

---

[1] The petition also alleged that Mr. Thompson knowingly associated with a felon. The district court found the evidence on this point lacking and that finding is not at issue in this appeal.

18-50303

information about the arrest when his probation officer called to inquire. In fact, Mr. Thompson initially denied any arrests or pending charges when asked.

Mr. Thompson denied the allegations in the petition and the district court held an evidentiary hearing. The court heard evidence that Mr. Thompson suffers from various mental health issues, has memory problems, and struggles to read. The court also viewed surveillance video of the incident that led to Mr. Thompson's arrest. The district court ultimately found that Mr. Thompson was aware he had been arrested, had failed to report the arrest as required by his supervised release conditions, and had possessed a firearm. The court revoked Mr. Thompson's supervised release and sentenced him to 13 months' imprisonment and a new term of 60 months of supervised release. On appeal, Mr. Thompson challenges the sufficiency of the evidence in various respects, the district court's revocation decision, and the procedural and substantive reasonableness of the sentence.

We review a district court's decision to revoke a term of supervised release for abuse of discretion. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). On a sufficiency challenge, we ask whether any rational trier of fact could have found the elements of a violation of a condition of supervised release by a preponderance of the evidence. *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). A sentence imposed upon revocation is reviewed for reasonableness

18-50303

pursuant to *United States v. Booker*, 543 U.S. 220 (2005).  *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

The evidence was sufficient to establish that Mr. Thompson was given notice of the reporting condition.  Written notice of such conditions is required by 18 U.S.C. § 3583(f).  Failure to provide written notice of conditions will not automatically invalidate a revocation of release if the defendant had actual notice of the condition violated.  *United States v. Ortega-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002).  As Mr. Thompson notes, his original judgment of sentencing included notice of this condition.  Mr. Thompson's probation officer testified that the officer who preceded him gave Mr. Thompson information about his conditions in 2015.  The written notice alone would be sufficient.

The evidence was sufficient to establish that Mr. Thompson knowingly violated the reporting condition.[2]  The government presented testimony from an LAPD officer that Mr. Thompson had been arrested, booked at a jail facility, and fingerprinted.  He spent the night in jail and posted bail in order to be released.

---

[2] The parties dispute whether the government was required to prove willfulness or knowledge.  Where a release condition is silent as to what mens rea is required for violation, this court generally presumes that knowledge is the standard.  *See United States v. Phillips*, 704 F.3d 754, 768 (9th Cir. 2012); *United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010); *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008).  Mr. Thompson's reliance on *United States v. Jeremiah*, 493 F.3d 1042 (9th Cir. 2007), is misplaced.  In that case, the court was reviewing a finding of willfulness already made by the district court for error.  *Id.* at 1044–46.  It does not stand for the proposition that willfulness is the required standard in other cases.

　　　　　　　　　　　　　18-50303

Mr. Thompson then failed to report these extensive law enforcement contacts to his probation officer and further declined to report them when the officer contacted him to inquire if he had anything he needed to disclose.

The district court did not err by finding that Mr. Thompson possessed a firearm under 18 U.S.C. § 3583(g)(2). An LAPD officer identified the weapon Mr. Thompson handled in the footage as a semi-automatic firearm. The same officer testified that LAPD personnel responded to a report of a shooting at the location. The court viewed the video and concluded that Mr. Thompson possessed a firearm. Mr. Thompson's counsel speculated "So on the video, it could be replicas," but no evidence suggests that the object in the footage was a toy, replica, or antique firearm excluded under 18 U.S.C. § 921(a)(3).[3] In these circumstances, the judge reasonably found by a preponderance of the evidence that Mr. Thompson possessed a firearm.

Mr. Thompson's sentence was not procedurally unreasonable. A district court must state its reasons for imposing a particular sentence. 18 U.S.C. § 3553(c). The law does not require "an elaborate explanation" of the reasons for its sentence. *United States v. Emmett*, 749 F.3d 817, 821–22 (9th Cir. 2014). Within-Guidelines sentences "often need[] little explanation." *United States v.*

---

[3] This exemption from the statutory definition of firearm is an affirmative defense for which the defendant bears the burden of proof. *United States v. Benamor*, 937 F.3d 1182, 1186–87 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020).

*Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014). Where a defendant fails "to object on the ground that the district court erred procedurally in explaining and applying the [18 U.S.C.] § 3553(a) factors, we review only for plain error." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010) (citing *United States v. Sylvester Normal Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2010)); *accord United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). Mr. Thompson did not object.

The district court did not commit plain error. The court announced the applicable Guidelines range. It then discussed applicable policy statements contained in the Guidelines. It considered the recommendations of the probation officer. The court then imposed a within-Guidelines sentence that it felt was "sufficient but not greater than necessary to comply with the purposes set forth in [18 U.S.C.] § 3553(a)." This brief explanation does not constitute error, plain or otherwise.

Similarly, the district court did not err in rejecting Mr. Thompson's arguments for mitigation. "[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant [18 U.S.C.] § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). The district rejected

Mr. Thompson's mitigation arguments given his extensive criminal history. Mr. Thompson generally stated that his mental health and memory problems should mitigate his sentence, an argument he subsequently undercut by opposing a condition requiring that he take his medications.

Mr. Thompson argues that the district court improperly considered punishment as a factor when deciding the sentence. Punishment is excluded as a permissible factor for district courts to consider on revocation of supervised release. 18 U.S.C. § 3583(e). The district court's comments about Mr. Thompson's criminal history were made in the context of his argument that he did not understand that he had been arrested and that he deserved leniency because of good behavior. Criminal history was relevant to these arguments. The exchanges highlighted by Mr. Thompson do not show that the district court improperly considered punishment as a factor in the sentence imposed.

Mr. Thompson argues that the judge repeatedly referenced his placement in Criminal History Category V, which he urged overstated his criminal record. He contends that the court failed to recognize his argument that the Category V designation on his underlying conviction was not correct because it was based on several juvenile adjudications that should have been excluded from the calculation. The district court, however, properly used the criminal history category that

applied at the time Mr. Thompson was originally sentenced to supervised release. *See* U.S.S.G. § 7B1.4, cmt. n.1.

Mr. Thompson claims his sentence was substantively unreasonable. This court does not presume that a within-Guidelines sentence is reasonable. *Carty*, 520 F.3d at 988. However, we do recognize that "a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Id.* Substantial deference to the district judge is generally appropriate. *See Gall v. United States*, 552 U.S. 38, 51–52 (2007).

The district court did not abuse its discretion by imposing a sentence of 13 months' imprisonment and five additional years of supervised release. This sentence was within the Guidelines range and in accord with the probation office's recommendations. In addition to the conduct already described, Mr. Thompson cursed at his probation officer at his sentencing hearing and then claimed that it was "not [his] fault" when confronted by the district court. Mr. Thompson breached the court's trust and a sentence at the high end of the Guidelines range was not unreasonable.

Mr. Thompson also contends that the court failed to address his argument for mitigation because he "served *four years* longer in custody for the underlying offense, even though his sentence had been reduced under the changes to the crack

cocaine sentencing laws." A fair reading of the sentencing transcript indicates that the court considered this argument for mitigation but ultimately rejected it.

**AFFIRMED.**