**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4161**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANNY LEE FLECK,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:04-cr-00491-CCB-1)

Submitted: October 16, 2020                   Decided: October 28, 2020

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Robert K. Hur, United States Attorney, Harry M. Gruber, Assistant United States Attorney, Paul A. Riley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Lee Fleck appeals from the revocation of his supervised release and the resulting 24-month sentence of imprisonment. On appeal, he challenges both the revocation and the sentence. We affirm.

I.

Fleck first argues that he did not receive a written statement of the conditions of his supervised release as required by 18 U.S.C. § 3583(f) (providing that district court shall direct probation officer to provide defendant with a written statement setting forth conditions of supervised release) and 18 U.S.C. § 3603(1) (providing that probation officer shall instruct a person on supervised release "as to the conditions specified by the sentencing court, and provide him with a written statement clearly setting forth all such conditions"). As such, he contends that the Government did not present sufficient evidence to show that he knowingly violated the supervised release conditions prohibiting him from possessing pornography or committing further crimes.

We find that this claim lacks merit. The condition of supervised release prohibiting criminal activity was clearly delineated in Fleck's original criminal judgment. *See United States v. Ramos-Santiago,* 925 F.2d 15, 16 (1st Cir. 1991) (concluding, in rejecting defendant's claim that court failed to direct probation officer to provide him with written statement of supervised release conditions, that "the essentials of the notice required in 18 U.S.C. § 3582(f) were met" where defendant and his counsel were served with copies of the sentence containing the conditions of supervised release). Thus, Fleck's assertion that he did not have notice that he could not possess child pornography is frivolous.

2

The condition prohibiting the possession of adult pornography was added after Fleck's conditions of release were modified in April 2016. Fleck consented to the modification and signed a waiver of his right to a hearing, which included the additional conditions. Nonetheless, Fleck argues that he was entitled to a separate written statement of his conditions. However, "the failure to provide written notice of the conditions of supervised release does not automatically invalidate a revocation of such release if the defendant received actual notice of the conditions imposed." *United States v. Arbizu,* 431 F.3d 469, 471 (5th Cir. 2005). Thus, "where a releasee received actual notice of the conditions of his supervised release, a failure to provide written notice of those conditions will not automatically invalidate the revocation of his release based upon a violation of such conditions." *United States v. Ortega-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002) (citing *United States v. Felix*, 994 F.2d 550, 551-52 (8th Cir. 1993), and *Ramos-Santiago*, 925 F.2d at 17).

In addition to Fleck's consent to the modification, Fleck's probation officer noted at the revocation hearing that he verbally reminded Fleck of the conditions, including the modifications, and regularly conducted compliance reviews. Further, Fleck sent a letter to the district court in August 2019, noting that he admitted to the "adult porn" violations. (J.A. 39). Thus, there was ample evidence that Fleck had actual notice of the conditions he needed to follow. Therefore, this claim fails.

## II.

Fleck next challenges the admission of an agent's testimony that certain photographs were child pornography and met the statutory definition of such. Fleck asserts

3

that the agent's testimony was unreliable, as she was not certified as an expert, and that she was improperly permitted to testify about the ultimate question before the court. The Government responds that the agent did not testify as an expert and that her testimony was properly admitted as lay testimony.

Supervised release revocation hearings are informal proceedings in which the rules of evidence need not be strictly observed. Fed. R. Evid. 1101(d)(3). Nonetheless, in *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972), the Supreme Court held that a defendant must receive a fair and meaningful opportunity to refute or impeach evidence against him "to assure that the findings of a parole violation will be based on verified facts." Among the defendant's rights in a parole-revocation context is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id.* at 489.

Here, Fleck was able to cross-examine the agent, and his counsel questioned the agent regarding the possibility that the child pornography was digitally altered (with the head of one person added to the body of another) or perhaps taken with permission of the parents (although we note that, under the circumstances, neither of these fact, if true, would alter the identification of the images as child pornography). Counsel also elicited testimony that the agent had not researched the genesis of each of the photographs. Notably, Fleck did not directly challenge the agent's conclusion that the pictures (or at least the bodies in the pictures) were of actual prepubescent girls in his cross-examination or his arguments to the court. Specifically, with regard to the child pornography violation, Fleck argued

only that the Government had failed to prove that he viewed or possessed the images at issue.

The district court recognized that it must decide the ultimate legal question of whether the images were child pornography. In its ruling, the court noted that there was essentially no dispute that the images constituted child pornography. Nonetheless, the court explicitly found, relying on the agent's testimony, the posing, the focus of the photographs, and the backgrounds, that the images were child pornography. Because Fleck was able to confront the agent and cross-examine her on the basis of her opinion, he received all the process to which he was due. As the rules of evidence did not apply, the questions of whether the agent was properly certified as an expert or whether the admission of her opinion evidence satisfied the rules of evidence are irrelevant. The district court properly considered the agent's testimony but did not find it binding or determinative. Instead, the court carefully considered the content and context of the photographs in determining that the images were child pornography. Thus, we conclude that there was no abuse of discretion.

## III.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, [the court] first must determine whether the sentence is . . . unreasonable."

*Id.* Only if the sentence is procedurally or substantively unreasonable must we determine whether it is plainly so. *Id.* at 208.

On appeal, Fleck asserts first that his sentence is procedurally unreasonable because the district court did not adequately consider his arguments for a lower sentence, did not consider all the relevant statutory factors, and did not explicitly consider the policy statement range. Specifically, Fleck notes that he requested a split sentence of 16 months, with 10 months in prison and 6 months in a halfway house, and the district court did not address this possibility. Next, the district court allegedly failed to consider that Fleck had already spent 10 months in the Chesapeake Detention Facility, which was allegedly more difficult than the average prison experience. Trial counsel also noted Fleck's age (74) and health concerns (diabetes, hypertension, bladder leakage) and the fact that, in trial counsel's opinion, child pornography cases for supervision violations did not "go above the guidelines." (J.A. 233). Fleck asserts that the district court failed to address these arguments as well.

A revocation sentence is procedurally reasonable when the district court considers the Chapter Seven policy statements and applicable 18 U.S.C. § 3553(a) factors and adequately explains the sentence imposed. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(d) (listing relevant factors). "[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. An explanation is sufficient if

this court can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (brackets and internal quotation marks omitted). "[I]n determining whether there has been an adequate explanation, [this court does] not evaluate a court's sentencing statements in a vacuum" but also considers "[t]he context surrounding a district court's explanation." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). The district court need not be as detailed or specific in its explanation as it must be when imposing a post-conviction sentence. *Slappy*, 872 F.3d at 208.

Here, the district court conferred with the parties regarding the Bureau of Prisons procedures for release to halfway houses. The court considered that, while the number of child pornography images was small, the images were clearly concerning, especially in light of Fleck's underlying child pornography convictions. The court was concerned by Fleck's "fairly consistent inability . . . to abide by the rules and regulations of supervised release and of his sex offender treatment." (J.A. 245). The court noted Fleck's immediate and ongoing violations, which was an important component in considering public safety and deterrence. The court recognized Fleck's age and health but noted that "his age and medical condition have not deterred him from the conduct that is involved here." (J.A. 246). The court also stated that Fleck could have been subject to a ten-year mandatory minimum if the violation conduct was charged as a separate crime, which underlined the seriousness of his conduct. The court, in imposing the maximum 24-month sentence, also

7

imposed a special condition of supervised release that Fleck should be released to a re-entry center.

While the court admittedly did not explicitly address every issue raised by Fleck, the court made clear that Fleck's mitigating circumstances were outweighed by his consistent and ongoing violations, including further serious criminal behavior. Moreover, Fleck's contentions were weak. While Fleck asserts that the court should have more closely addressed his age and health, the court did address these factors, recognizing that they existed, but determining that they did not weigh in favor of leniency given that they had not diminished Fleck's criminal behavior. Fleck's argument for a "split sentence" was also discussed, but the court was clearly concerned that community supervision would not address the necessary deterrence and public safety issues. Moreover, the court explicitly noted the policy statement range of 12 to 18 months. While the court did not explicitly articulate the necessity of varying to a higher sentence, the court's reasoning supports that decision. Finally, Fleck's attorney's bare assertions that he had not seen an above-policy-statement sentence in a child pornography revocation case and that Fleck's imprisonment was particularly difficult, without further context, would not provide a basis for a lower sentence.

Moreover, even if the district court's explanation fell short, any error was harmless because the district court's explicit consideration of Fleck's arguments would not have affected the sentence imposed. *See United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010). The district court heard testimony on the disputed violations; reviewed documentary evidence, pictures and transcripts; and heard lengthy argument from both

8

parties (as well as Fleck himself). The court engaged with counsel, and its detailed reasoning for both revocation and sentence demonstrated an understanding of all the circumstances of Fleck's case and the arguments of counsel. Given the entire context of the court's explanation, Fleck has failed to show that his sentence was procedurally unreasonable, much less plainly so. *See Slappy*, 872 F.3d at 208 (noting that sentence is plainly unreasonable if the error is clear and obvious).

Turning to Fleck's argument regarding the substantive reasons for his sentence, Fleck asserts that the district court did not provide sufficient reasoning for imposing a sentence above the policy statement range, especially given the small number of child pornography images and the fact that there was no victim contact. "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted).

Here, the court explained that Fleck's history reflected a total failure to comply with the conditions of supervised release. As discussed above, the court also noted that Fleck committed a serious criminal offense while on supervised release and violated supervised release repeatedly and in different ways. These were proper reasons for imposing a maximum statutory sentence above the policy statement range, and Fleck has failed to show that his sentence was longer than necessary. *See United States v. Moulden*, 478 F.3d 652, 658 (4th Cir. 2007) (upholding sentence above Chapter 7 range and stating that the Court "cannot, and will not, hold that it is unreasonable for a sentencing court to take account not only of the severity of the violations, but also their number, in fashioning a

9

revocation sentence"); *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006) (stating that district court has "broad discretion to . . . impose a term of imprisonment up to the statutory maximum" (internal quotation marks omitted)).  Accordingly, Fleck's sentence was not substantively unreasonable.

As such, we affirm the revocation of Fleck's supervised release and the imposition of a 24-month sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*