NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30005 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:20-cr-00076-RRB-MMS-1 |
| RONALD ALLEN DOWNEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted February 6, 2024**
Portland, Oregon

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

Defendant-Appellant Ronald Downey pled guilty to one count of tax

evasion. Downey challenges the district court's revocation of his supervised

release after he neglected to make restitution as a mandatory condition of his

release. The district court had set a monthly payment schedule when it entered its

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

judgment, and it was Downey's failure to abide by this schedule that resulted in his loss of supervised release. Downey does not contend on appeal that he could not make payments due to indigence, but rather that he did not have sufficient notice that his release could be revoked if he did not make payments on a monthly basis. We generally review revocations of supervised release for abuse of discretion, but we review mixed questions of law and fact, as here, *de novo*. *United States v. Turner*, 312 F.3d 1137, 1142 (9th Cir. 2002) (citation omitted). We affirm.

A revocation of supervised release entails a serious loss of liberty for which courts must afford due process. *See United States v. Simmons*, 812 F.2d 561, 565 (9th Cir. 1987) (citations omitted). An essential component of such due process is fair warning about which acts may lead to revocation. *See id.* (citation omitted). The express conditions of supervised release provide notice, but when the acts are not criminal, as with the non-payment of restitution, due process requires actual notice. *See id.* (citations omitted); *United States v. Ortego-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002). "[F]urther definition, explanations, or instructions of the district court and the probation officer" can elucidate the notice provided beyond the "bare words of the probation conditions." *Simmons*, 812 F.2d at 566–67 (cleaned up). District courts have broad discretion to impose conditions of release, as well as to revoke release if those conditions are violated. *See id.* at 565; *see, e.g., United States v. Lopez*, 258 F.3d 1053, 1055, 1056–57 (9th Cir. 2001).

Downey received multiple means of notice that his supervised release could be revoked if he did not make monthly restitution payments in accordance with the schedule set forth by the district court. To begin, his mandatory conditions stated that he "must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution." Even if this condition only refers to statutes that initially empower a court to issue restitution, Downey's mandatory conditions nonetheless ordered him as a formal condition of release to "make restitution," a term further defined and explained by the district court throughout its seven-page judgment.

Beneath the mandatory conditions, the judgment ordered: "You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page." The standard conditions, as well as the additional conditions on the attached page, asked Downey to acknowledge his receipt of the terms of "this judgment." The judgment totaled seven pages, as shown by the pagination at the top of every page, including pages three to five regarding the mandatory, standard, and additional conditions, signed by Downey. The judgment detailed that Downey must "make restitution" according to the instructions provided on pages six and seven. Page six stated that Downey "must pay the total criminal monetary penalties under the schedule of payments on Sheet 7." The seventh sheet, in turn, specified that if Downey was

"unable to pay the full amount immediately, *while on supervised release*, the defendant shall make monthly payments of $100 or 10 percent of gross income, whichever is greater . . . ." (emphasis added). We construe texts as a whole. These terms exist within the four corners of the same judgment, thereby informing one another's meaning.

The standard conditions also required Downey to "follow the instructions of the probation officer related to the conditions of supervision." Downey's probation officer separately provided Payment Instructions that likewise specified the monthly terms, which Downey signed. By not paying restitution according to these terms, Downey violated one of the standard conditions of his supervision, with which he was obligated to comply.

The district court told Downey through the express terms of "this judgment" that Downey needed to "make restitution" as a mandatory condition of supervised release and that he "shall make monthly payments . . . while on supervised release." These other "definition[s], explanations, or instructions" in the judgment informed the "bare words" of the mandatory condition of Downey's supervised release. *See Simmons*, 812 F.2d at 565 (citations omitted). Downey signed the judgment twice below statements acknowledging that he had received the terms of "this judgment," and also signed the Payment Instructions provided by his probation officer. He indicated that his probation officer had instructed him on

4

these conditions and that he understood these terms. These factors together demonstrate actual notice. *Id.*; *Ortego-Brito*, 311 F.3d at 1138. Downey points to *Carter* and *Morales* for support, but neither case involved a defendant who, like Downey, was expressly required to make restitution as a condition of his supervised release. *See United States v. Carter*, 742 F.3d 440, 443–44 (9th Cir. 2014); *United States v. Morales*, 328 F.3d 1202, 1204 (9th Cir. 2003); *see also Simmons*, 812 F.2d at 565.

Downey also received notice beyond the judgment itself. At sentencing, the district court told Downey that if he was "unable to pay the full amount immediately while on supervised release, [he] shall make monthly payments of $100 or 10 percent of gross income . . . ." Downey contends that the district court's later amendment of the special conditions of Downey's release to state expressly that "[t]he defendant shall pay . . . any restitution in accordance with the Court's orders of at least $100.00 a month or 10% of the defendant's gross income, whichever is greater," indicates that the initial judgment lacked this condition. But because Downey was previously on notice that the monthly schedule was a condition of supervision, the district court's subsequent clarification does not change the outcome here. *See Simmons*, 812 F.2d at 565; *Lopez*, 258 F.3d at 1055.

AFFIRMED.

5