NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOSEPH COPPOLA,

    Defendant - Appellant.

No. 23-3062

D.C. No.
2:99-cr-00217-APG-LRL-2

MEMORANDUM[*]

Appeal from the United States District Court for the
District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted October 9, 2024
Las Vegas, Nevada

Before: CHRISTEN, BENNETT, and MILLER, Circuit Judges.

Joseph Coppola appeals the district court's order revoking his supervised

release as part of the sentence imposed for his 2001 conviction for bank robbery.

Coppola contends that the district court lacked authority to revoke his supervised

release, or alternatively, that the district court erred by imposing six special

conditions of supervised release.  Because the parties are familiar with the factual

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and procedural history of the case, we do not recount it here. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm in part, reverse in part, and remand.

1. We assume without deciding that Coppola preserved his lack-of-notice defense, so we reach the merits of Coppola's challenge to the district court's revocation of his supervision. Coppola argues that, assuming he received actual notice of the conditions of his supervised release at his sentencing in 2001, *see* 18 U.S.C. §§ 3583(f), 3603(1); *United States v. Ortega-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002), the government's subsequent actions negated that notice. He cites no authority suggesting that a handwritten notation on a later presentence report would render his conditions inoperative. Nor does he cite any authority indicating that the government's three-time failure to revoke supervision on his 2001 conviction, rather than his 2004 conviction, negated his notice of the conditions imposed in 2001.

Coppola relies on *United States v. Hamilton*, 708 F.2d 1412 (9th Cir. 1983), for the proposition that the government's post-sentencing actions can vitiate a supervisee's notice of supervision. But the government's decision to revoke here is not, like the government's decision to revoke on the basis of the incomplete jail term in *Hamilton*, based on old conduct of which the government had prior notice. *See id.* at 1415. The government sought to revoke Coppola's supervision in May

2

2023 based on two 2022 convictions for which Coppola was in custody until May 2022. And unlike in *Hamilton*, there is no evidence that Coppola here proactively disclosed these violations to the government without receiving a response. *See id.* Moreover, Coppola does not allege that his probation officer, like the officer in *Hamilton*, condoned the violations that occurred in 2018 and 2019. Rather, the government's decision to revoke supervised release under the 2004 conviction reveals just the opposite: It disapproved of Coppola's violations.

2. Coppola also raises several challenges to the conditions of supervised release the district court imposed on October 17, 2023. We review for abuse of discretion the district court's imposition of conditions of supervised release, *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010), and we review de novo the constitutionality of the conditions, *United States v. Aquino,* 794 F.3d 1033, 1036 (9th Cir. 2015).

We find no merit to Coppola's challenges, with one exception. Coppola challenges the special condition regarding new debt obligations, which states, "You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer." We agree with Coppola that because it could be understood to cover making individual credit-card transactions rather than simply obtaining new credit cards, the phrase "incur new credit charges" is a "greater deprivation of liberty than is reasonably necessary," in light of four other

restrictions imposed to prevent Coppola from gambling. *Napulou*, 593 F.3d at 1044; *see United States v. Brown*, 402 F.3d 133, 138 (2d Cir. 2005); *United States v. Jenkins*, 854 F.3d 181, 195 (2d Cir. 2017). Accordingly, we strike this condition and remand to the district court for reconsideration. *See United States v. Soltero*, 510 F.3d 858, 867 (9th Cir. 2007) (per curiam).

Finally, we deny Coppola's challenge to the polygraph condition because, consistent with the government's concession at oral argument, we construe it not to prevent Coppola from invoking his Fifth Amendment privilege against self-incrimination. *United States v. Stoterau*, 524 F.3d 988, 1003–04 (9th Cir. 2008); *cf. United States v. Bahr*, 730 F.3d 963, 965–967 (9th Cir. 2013).

**AFFIRMED in part, REVERSED in part, and REMANDED.**